IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT N ANDERSON, | ) | |
| Petitioner, | ) | No C 04-0149 VRW (PR) |
| vs. | ) | ORDER GRANTING |
| | ) | MOTION FOR RELIEF |
| DAVID RUNNELS, Warden, | ) | FROM JUDGMENT |
| Respondent. | ) | (Doc # 18) |
| | ) | |

I

On January 13, 2004, petitioner filed a pro se petition for a writ of habeas corpus under 28 USC § 2254 challenging a conviction from the Superior Court of the State of California in and for the County of Humboldt.

On May 11, 2004, the court found that the claim in the petition appeared cognizable under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent instead filed a motion to dismiss the petition as untimely under 28 USC § 2244(d).

On April 25, 2005, the court granted respondent's motion to dismiss. The court found that the applicable one-year limitation period expired on January 1, 2004. The petition filed on January 13, 2004 was a few days too late.

On April 26, 2005, the clerk entered judgment in favor of respondent.

On March 31, 2006, petitioner, proceeding pro se but assisted by former state appellate counsel, filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(a) & (b) on the ground that the petition had been delivered to the clerk's office nine days before the limitation period expired on January 1, 2004.

## II

Rule 60(a) provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own motion or on the motion of any party and after such notice, if any, as the court orders."  Fed R Civ P 60(a).

Rule 60(b) provides six grounds for relief from a judgment: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud, misrepresentation or other misconduct by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; (6) any other reason justifying relief from the operation of the judgment.  Fed R Civ P 60(b).  A motion under Rule 60(b) must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the judgment was entered.  Id.

## III

The undisputed facts show that petitioner's state appellate counsel assisted petitioner in preparing and filing his pro se federal habeas petition.

On December 22, 2003, after drafting the petition and obtaining petitioner's signature, counsel sent the petition to the court for filing via Federal Express priority overnight delivery.  The petition was delivered to the clerk's

office on December 23, 2003 at 11:50 am. It was forwarded to the pro se unit for processing, but was not actually processed and stamped filed (or received) until January 13, 2004.

The court's order granting respondent's motion to dismiss was premised on the only date stamped on the petition – January 13, 2004. Had the petition been stamped received on December 23, 2003, or been processed and stamped filed within a couple of days of receipt, the motion probably would not have been brought and certainly would not have been granted. The clerk's office failure to stamp the petition received on December 23, 2003, or to process and stamp filed the petition within a couple of days of receipt, qualifies as clerical error under Rule 60(a). Respondent's contention that Rule 60(a) does not apply because the clerk's error was "purposeful" is wholly without merit. The record is corrected to reflect that the petition was received on December 23, 2003.

Because the petition must be deemed filed on December 23, 2003 for purposes of the applicable limitation period, it is not untimely. Cf <u>Corjasso v Ayers</u>, 278 F3d 874, 878 (9th Cir 2002) (finding equitable tolling of limitation period warranted where delay was caused by clerk's office erroneously refusing to accept petition for filing because of technical deficiency in cover sheet).

### III

For the foregoing reasons, petitioner's motion for relief from judgment under Rule 60(a) (doc # 18) is GRANTED.[1] The court's April 25, 2005 order granting respondent's motion to dismiss, and the clerk's April 26, 2005 entry of judgment in favor of respondent, are vacated, and the court's order to show cause filed on May 11, 2004 is reinstated.

---

[1] Because petitioner is entitled to relief under Rule 60(a), the court need not address his request for relief under Rule 60(b).

3

In order to expedite these proceedings, respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge