IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT N ANDERSON,<br><br>    Petitioner,<br><br>    v<br><br>DAVID RUNNELS, Acting Warden,<br><br>    Respondent.<br>_____/ | No C 04-0149 VRW (PR)<br><br>ORDER DENYING PETITION FOR A<br>WRIT OF HABEAS CORPUS |

    Petitioner, a state prisoner incarcerated at High Desert State Prison in Susanville, California, seeks a writ of habeas corpus under 28 USC § 2254 (2006). For the reasons set forth below, a writ is DENIED.

I

    Petitioner was convicted by a jury of first degree murder and kidnaping in Humboldt County superior court. On July 1, 1999, he was sentenced to 25 years to life in state prison.

Based primarily on his testimony that Ron Kiern, who pled guilty to second degree murder for the same crime, threatened to "beat the shit out of" petitioner if he did not participate in a brutal slaying, petitioner contended on appeal that the trial court erred in refusing to instruct the jury on duress as a defense to the murder charge. The underlying facts are summarized in the California Supreme Court's opinion in People v Anderson, 28 Cal 4th 767, 770-71 (2002). The court of appeal concluded that duress is not a defense to any murder charge and, on December 15, 2000, affirmed the judgment of the trial court. People v Anderson, 102 Cal Rptr 2d 245, 249 (Cal Ct App 2000). The California Supreme Court granted review and, on July 29, 2002, concluded that "duress is no defense to murder" and affirmed the judgment of the court of appeal. People v Anderson, 28 Cal 4th at 785.

Petitioner moved for rehearing on the ground that the state high court's interpretation of California's duress statute resulted in a unforeseeable enlargement of murder liability, which, if applied retroactively to his case, would violate due process. On October 10, 2002, the California Supreme Court denied rehearing.

Petitioner filed the instant petition for a writ of habeas corpus under 28 USC § 2254 on January 13, 2004. Doc 1. The court found that the petition stated a cognizable claim under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted. Doc 7. Respondent instead moved to dismiss the petition as untimely and, on April 25, 2005, the court granted the motion to dismiss. Doc 16. Petitioner then filed a motion for relief from judgment pursuant to Rule 60(a) and (b) of the Federal

2

1   Rules of Civil Procedure.  Doc 18.  On June 12, 2007, the court
2   granted the motion because it found that the petition had arrived at
3   the courthouse before the expiration of the statute of limitations,
4   but filing was delayed due to clerical error.  Doc 28.  The court's
5   order to show cause was reinstated.  Doc 28.  On October 11, 2007,
6   respondents filed an answer to petitioner's original petition for
7   habeas corpus.  Doc 32.  Petitioner did not file a traverse.

II

In <u>Bouie v City of Columbia</u>, the Supreme Court of the United States held that an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates like an ex post facto law and is a violation of due process.  378 US 347, 353 (1964).  Criminal statues must give "fair warning" of the conduct they prohibit.  Id at 350.  Petitioner claims that the California Supreme Court's interpretation of California law resulted in an unexpected and indefensible expansion of murder liability, that was applied retroactively to his case in violation of <u>Bouie</u>.

A

The statute at the center of petitioner's claim is California Penal Code section 26.  Cal Pen Code § 26.  That statute provides a catalogue of defenses to criminal conduct.  Part six of section 26 creates a duress defense by excepting from criminal liability "[p]ersons (unless the crime be punishable with death) who committed the act or made the omission charged under threats or menaces sufficient to show that they had reasonable cause to and did

3

1 believe their lives would be endangered if they refused." Id.

2 By its terms, the section 26 duress defense is never
3 available against a charge of capital murder. It is less clear
4 whether that section creates a defense to a charge of non-capital
5 murder. Although section 26 was enacted in 1872, there is little
6 case law addressing the applicability of that section to charges of
7 non-capital murder. At the time of petitioner's offense the
8 relevant case law was, in the words of the California Supreme Court,
9 "inconclusive." People v Anderson, 28 Cal 4th at 773.

10 It was well established that duress was no defense in
11 capital murder cases. In People v Petro, the California court of
12 appeal upheld a jury instruction stating, "it is no defense to the
13 charge of murder that the defendant [ ] claims that he committed any
14 act or made any of the omissions charged, under threats or menaces."
15 People v Petro, 13 Cal App 2d 245, 247 (1936). Similarly, in People
16 v Son, the California court of appeal again held that duress was not
17 a defense to murder committed while armed with a firearm. People v
18 Son, 79 Cal App 4th 224, 232-233 (2000).

19 Some courts have suggested that the unavailability of a
20 duress defense in a capital murder case does not foreclose its
21 availability in a prosecution for non-capital murder. In People v
22 Moran, the California court of appeal stated that the California
23 Supreme Court's decision in People v Anderson, 6 Cal 3d 628 (1972),
24 which found the death penalty law then in effect illegal, "rendered
25 meaningless the exception pertaining to capital crimes of Penal Code
26 section 26." People v Moran, 39 Cal App 3d 398, 417 (1974).
27 Similarly, in Tapia v Roe, the Ninth Circuit observed that, "[a]s

**4**

defined by California law, duress can excuse crimes, including murder without special circumstances." Tapia v Roe, 189 F3d 1052, 1057 (9th Cir 1999).

But, in People v Martin, the California court of appeal observed that "[i]t has ever been the rule that necessity is no excuse for killing an innocent person." People v Martin, 13 Cal App 96, 102 (1910). And in People v Pena, a California superior court noted that "it appears settled that the duress defense is available to a defendant charged with any crime except one which involves the taking of the life of an innocent person." People v Pena, 149 Cal App 3d Supp 14, 22 (Cal App Dep't Super Ct 1983) (citations and emphasis omitted). In addition, Witkin states with respect to section 26, "[t]he defense of coercion is generally held unavailable where the crime is homicide; i.e., the threat even of death to oneself does not excuse the killing of another innocent person." 1 Witkin & Epstein, Cal Criminal Law (3d ed 2000) Defenses, § 54, p 390.

In holding that "[d]uress is not a defense to any form of murder," and therefore inapplicable to petitioner, the California Supreme Court clarified the law interpreting section 26. People v Anderson, 28 Cal 4th at 780. The court emphasized that at the time section 26 was enacted, all forms of murder were punishable by death, and so all forms of murder were excluded by the statute's own terms. Id at 774. It was only subsequent to the enactment of section 26 that murder was separated into degrees, and capital murder distinguished from non-capital murder charges. Id.

/

In construing section 26, the California Supreme Court asked "whether the exception for a crime punishable with death changes with every change in death penalty law," or whether the scope of the exception was fixed at the time it was enacted. Id. The court concluded that the meaning of section 26 was fixed at the time of its enactment and the exception to its duress defense included all forms of murder, capital and non-capital. Id ("[W]e believe the Legislature intended to refer to crimes punishable with death as they existed in 1850."[1]).

B

A writ of habeas corpus may not be granted unless the state court's adjudication of petitioner's claim was contrary to, or an unreasonable application of, clearly established Supreme Court precedent. 28 USC § 2254(d). In his petition for re-hearing to the California Supreme Court, petitioner argued that the decision affirming his conviction violated the Supreme Court's holding in <u>Bouie v City of Columbia</u>, 378 US 347 (1964). The California Supreme Court's rejection of the petition for re-hearing is effectively an adjudication of the <u>Bouie</u> claim adverse to petitioner. In order for a writ of habeas corpus to be granted here, petitioner must show that the California Supreme Court's adjudication was contrary to, or an unreasonable application of, <u>Bouie</u>. See 28 USC § 2254(d).

/

---

[1] Although section 26 was enacted in 1872, that section derived from section 10 of the 1850 Act Concerning Crimes and Punishments, which also created a duress defense but excepted crimes punishable with death. See <u>People v Anderson</u>, 28 Cal 4th at 774.

6

In <u>Bouie</u>, the Supreme Court held that an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates like an ex post facto law and is a violation of due process. <u>Bouie</u>, 378 US at 354. The Court observed that, "a criminal statute must give fair warning of the conduct that it makes a crime" and concluded that, "[i]f a judicial construction of a criminal statute is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue, it must not be given retroactive effect." Id at 350, 354 (internal citations omitted).

Petitioner contends that the California Supreme Court's ruling in his case violated the principle set forth in <u>Bouie</u> because the state high court retroactively narrowed the defenses available to him. But the California Supreme Court's holding was not unexpected or indefensible in light of the law previously expressed. See <u>Bouie</u>, 378 US at 354. Rejecting petitioner's petition for a re-hearing was not an unreasonable application of <u>Bouie</u>. See 28 USC § 2254(d).

Because the law under section 26 was "inconclusive" at the time of petitioner's conviction, <u>Anderson</u>, 28 Cal 4th at 773, the California Supreme Court did not violate <u>Bouie</u> by clarifying it. In <u>United States v Qualls</u>, the Ninth Circuit concluded that where the circuits are split on the proper construction of a statute a change in the law is foreseeable, and due process does not bar retroactive application of a judicial expansion of that law. <u>United States v Qualls</u>, 172 F3d 1136, 1139 n1 (9th Cir 1999); see also <u>United States v Rodgers</u>, 466 US 475, 484 (1984) (holding that a change in the law

7

is foreseeable when circuits are split on the proper construction of a statute). Similarly, in <u>Moore v Rowland</u>, the Ninth Circuit held that where California courts were divided as to the appropriate test of whether a felony was a predicate offense for second-degree felony murder, retroactive application of a California Supreme Court decision identifying the correct test was foreseeable and did not violate due process. <u>Moore v Rowland</u>, 367 F3d 1199, 1200 (9th Cir 2004).

Petitioner concedes that the scope of section 26 expressed at the time of his conviction was ambiguous. See Doc 1 at 9-12; cf <u>Anderson</u>, 28 Cal 4th at 773 ("[t]he sparse relevant California case law is inconclusive"). But, the ambiguity derived from the split in the courts on whether section 26 barred a duress defense in non-capital murder cases. Compare <u>People v Martin</u>, 13 Cal App at 1022 (holding duress is never a defense to any murder charge) and <u>People v Pena</u>, 149 Cal App 3d Supp at 22 (same) with <u>People v Moran</u>, 39 Cal App 3d at 417 (finding duress defense available to defendants charged with non-capital murder) and <u>Tapia v Roe</u>, 189 F3d at 1057 (same). Under the reasoning of <u>Qualls</u> and <u>Moore</u>, it was foreseeable that the California Supreme Court would limit the scope of the section 26 duress defense to non-murder charges only. This holding was not unexpected or indefensible in light of the law previously expressed. See <u>Bouie</u>, 378 US at 354. Retroactive application of the state high court's holding to petitioner did not violate the <u>Bouie</u> mandate that criminal statues give "fair warning" of the conduct they prohibit. See id.

/

8

In affirming petitioner's conviction and limiting the duress defense of section 26 to non-murder charges only, the California Supreme Court did not rule contrary to, or unreasonably apply Bouie. See 28 USC § 2254(d). Petitioner is not entitled to federal habeas relief on his Bouie claim.

## III

Even if the California Supreme Court's clarification of section 26 was unexpected or indefensible under Bouie, petitioner was not entitled to have the jury instructed on the duress defense. Section 26 permits a duress defense only where the accused "had reasonable cause to and did believe their lives would be endangered if they refused." Cal Pen Code § 26. California courts repeatedly have held that the defense of duress requires evidence that the defendant acted upon an actual and reasonable belief that his life was in present and immediate danger if he refused to participate. See People v Perez, 9 Cal 3d 651, 657-58 (1973); People v Manson, 61 Cal App 3d 102, 206 (1976)("Compulsion as a legal defense requires evidence that the accused acted upon reasonable cause and belief that her life was presently and immediately endangered if she refused to participate"). The California Court of Appeal summarized the law of duress as follows:

> In order for duress or fear produced by threats or menace to be a valid, legal excuse for doing anything, which otherwise would be criminal, the act must have been done under such threats or menaces as show that the life of the person threatened or menaced was in danger, or that there was reasonable cause to believe and actual belief that there was such danger. The danger must not be one of future violence, but of present and immediate violence at the time of the commission

9

> of the forbidden act. * * * A person who aids and assists in the commission of the crime, or who commits a crime, is not relieved from criminality on account of fears excited by threats or menaces unless the danger be to life, nor unless that danger be present and immediate.

People v Sanders, 82 Cal App 778, 785 (1927) (internal citations omitted).

Petitioner's duress theory is based on his testimony that Ron Kiern, who pled guilty to second degree murder, told him, "[g]ive me the rock or I'll beat the shit out of you" unless petitioner complied with Kiern's request to hand over what arguably became the murder weapon. People v Anderson, 28 Cal 4th at 771. Petitioner retrieved the rock, which Kiern used to hit the bound victim in the head two or three times. Id. Petitioner testified that he gave Kiern the rock because he was out of shape and Kiern was bigger than he. Id. When asked what he thought Kiern would have done had he refused, petitioner replied, "Punch me out, break my back, break my neck. Who knows." Id.

A defendant is only entitled to a jury instruction on a defense if there is substantial evidence to support the defense. See Hopper v Evans, 456 US 605, 611 (1982) ("due process requires that a lesser included offense instruction be given only when the evidence warrants such an instruction") People v Breverman, 19 Cal 4th 142, 157 (1998) ("a sua sponte instructional duty arises only if * * * there is substantial evidence supportive of such a defense") (internal citations omitted); see also People v Flannel, 25 Cal 3d 668, 684-85 (1979) (holding that in diminished capacity cases, the court need only instruct the jury on theories of the case that are supported by substantial evidence). Substantial evidence is

10

evidence sufficient to convince a jury of reasonable people that there was duress sufficient to negate the requisite criminal intent. See People v Wilson, 36 Cal 4th 309, 331 ("Substantial evidence is evidence sufficient to deserve consideration by the jury, not whenever any evidence is presented, no matter how weak") (internal citations and emphasis omitted); see also Flannel, 25 Cal 3d at 685 (holding that substantial evidence is, "'evidence from which a jury composed of reasonable men could have concluded that there was diminished capacity sufficient to negate the requisite criminal intent'") (quoting People v Carr, 8 Cal 3d 287, 294 (1972)).

To warrant instructing the jury on the defense of duress, petitioner must have presented substantial evidence that he killed the victim based on an actual and reasonable fear of imminent death or serious bodily injury. See People v Perez, 9 Cal 3d at 657 ("the fine distinction between fear of danger to life and fear of great bodily harm is unrealistic"). He does not. Although petitioner stated a fear of great bodily injury in response to Kiern's threat to "beat the shit" out of him, Kiern was armed with no weapon and the probability that Kiern could have actually broken petitioner's back or neck was remote, at best. In addition, the two men had no history of violence, and there were several other people present at the time the threat was made. See Anderson, 28 Cal 4th at 771. Even if petitioner subjectively feared that Kiern would have killed him or caused him great bodily harm for refusing to retrieve the rock, that fear was not objectively reasonable under the circumstances. Petitioner did not meet the twin requirements of section 26 — that fear of death or serious bodily injury be actual

11

and reasonable. Petitioner was not entitled to jury instructions on duress.

### IV

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge